# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **TERRELL DEVON WILLIAMS** | : | **DOCKET NO. 2:07-cv-485** |
| | | **Section P** |
| **VS.** | : | **JUDGE MINALDI** |
| **J. P. YOUNG, WARDEN** | : | **MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

Currently before the court is a petition for writ of *habeas corpus* filed by *pro se* petitioner, Terrell Devon Williams, pursuant to 28 U.S.C. § 2241. By this petition, petitioner seeks additional credit on his federal sentences for the time spent in pre-trial detention. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

## FACTUAL SUMMARY

Petitioner was arrested in Florida on April 9, 2005 for bank fraud. On August 16, 2005, petitioner pled guilty to Making a False Statement to a Federally Insured Financial Institution in violation of 18 U.S.C. § 1014 in the United States District Court for the Middle District of Florida. *United States v. Williams*, 3:05-cr-100 (M.D. Fla.).

Prior to this conviction, petitioner had been convicted in two separate criminal proceedings of bank fraud and misuse of a social security number. *United States v. Williams,* 3:98-cr-319 (M.D. Fla)(Misuse of a Social Security Number in violation of 42 U.S.C. § 408 and Bank Fraud in violation of 18 U.S.C. § 1344A.F); *United States v. Williams*, 3:01-cr-22 (M.D. Fla)(Bank Fraud in violation of 18 U.S.C. § 1344A.F). For the convictions in 3:98-cr-319, petitioner was sentenced to 37 months

imprisonment to be followed by a 60 month term of supervised release. For the conviction in 3:01-cr-22, petitioner was sentenced to 9 months imprisonment to run concurrent with the undischarged term of imprisonment imposed in 3:98-cr-319, to be followed by a 60 month term of supervised release. At the time of his arrest in 2005, he was on supervised release for both of those convictions. As a consequence of his criminal conduct, detainers were lodged against petitioner for violation of his supervised release. On August 16, 2005, petitioner appeared in federal court for an initial appearance for violation of his supervised release in both 3:98-cr-319 and 3:01-cr-22.

On November 3, 2005, petitioner appeared in federal court for sentencing in 3:05-cr-100 and for a final revocation hearing and sentencing in 3:98-cr-319 and 3:01-cr-22. Petitioner was sentenced to a 42 month term of imprisonment in 3:05-cr-100 to run consecutively with a 15 month sentence in 3:98-cr-319 and a 15 month sentence in 3:01-cr-22, for a total of 72 months imprisonment. *See United States v. Williams*, 3:05-cr-100 (M.D. Fla.), doc. 77; *United States v. Williams*, 3:98-cr-319 (M.D. Fla), doc. 193; *United States v. Williams*, 3:01-cr-22 (M.D. Fla.), doc. 97. During the sentencing on November 3, 2005, the sentencing judge stated:

> It is my intent that all sentences, 3:05-cr-100, 3:98-cr-319 and 3:01-cr-22 run consecutively, for a total term of imprisonment of 72 months. Obviously, Mr. Williams will get credit for time that he has previously spent in federal custody.

*See* Doc. 17-2, p.2 (Sentencing transcript, p.73, ll.17-21).

Petitioner's defense counsel then requested that the judge pronounce credit in all three cases separately so that all three of his sentences would be credited with time spent in federal custody. *Id.* (Sentencing transcript, pp.73-74). The sentencing judge questioned whether it would be correct to credit all three sentences with time served and indicated that he "had contemplated that Mr. Williams would get credit on the main case for the time he had served, but [ ] I did not contemplate that with respect to the others." *Id.* (Sentencing transcript, pp.74-75). Because the matter could not be

resolved in open court, the sentencing judge deferred entry of final judgment, noting that although it is ultimately the Bureau of Prisons who determines what credit would be given, he wanted to clarify his understanding of what credit Mr. Williams was entitled to and what his recommendation would be. *Id.* (Sentencing transcript, pp.75-77). Both parties filed a memorandum in support of their respective position. On November 29, 2005, the sentencing judge entered a final judgment, sentencing Petitioner to a 42 month term of imprisonment to run consecutively with a 15 month sentence imposed in 3:98-cr-319 and a 15 month sentence imposed in 3:01-cr-22, for a total term of imprisonment of 72 months. *See United States v. Williams*, 3:05-cr-100 (M.D. Fla.), doc. 82; *United States v. Williams*, 3:98-cr-319 (M.D. Fla), doc. 195; *United States v. Williams*, 3:01-cr-22 (M.D. Fla.), doc. 99.

Petitioner filed a Notice of Appeal on December 1, 2005. *United States v. Williams*, 3:05-cr-100, doc. 83. The Eleventh Circuit affirmed the sentence on March 19, 2007. *Id,* doc. 109.

Following the imposition of petitioner's federal sentence, the Bureau of Prisons (BOP) computed petitioner's sentence and determined that it commenced on November 3, 2005 and that petitioner's multiple terms of imprisonment were to be treated for administrative purposes as a single, aggregate term of imprisonment. 18 U.S.C. § 3584(c). Credit for the time spent in custody between April 9, 2005 and November 2, 2005 (208 days) has been applied to petitioner's aggregated sentence. *See* Doc. 16-2, Exhibit A.

On February 12, 2007, petitioner filed a "Motion for Jail Credit" with the sentencing court in case 3:05-cr-100, seeking to have the judge credit each of this three sentences with the time spent in federal custody prior to his sentencings. *United States v. Williams*, 3:05-cr-100, doc. 107. The sentencing judge denied the motion on February 16, 2007. *Id.,* doc. 108.

3

Petitioner has presented his claim through all of the administrative levels of the BOP.

## **LAW AND ANALYSIS**

It is the function of the United States Attorney General to compute jail time credit in accordance with 18 U.S.C. §3585(b)[1]. It is after the prisoner begins serving his federal sentence that the Attorney General is to compute the jail time credit. *United States v. Wilson,* 112 S.Ct. 1351, 1354 (1992). Credit is given toward a prisoner's term of imprisonment for any time spent in official detention prior to the commencement of his sentence "that has not been credited against another sentence." A prisoner has the right to have the Attorney General's determination reviewed by a court after exhausting his administrative remedies. *Wilson,* 112 S.Ct. at 1355.

A review of the entire record in this case satisfies the court that petitioner's federal sentence has been computed correctly and that he is not entitled to additional credit on this sentence.

In computing a federal sentence in accordance with 18 U.S.C. § 3585, the BOP must determine when the sentence commences and to what extent the defendant may receive credit for time spent in custody prior to the commencement of his sentence. In this case, it is undisputed that petitioner's federal sentence commenced on November 3, 3005. It is also undisputed that he spent 208 days, from April 9, 2005 to November 2, 2005 in federal custody prior to the commencement of his sentence. Petitioner seeks to have this 208 days credited to each of his three sentences, thereby allowing him a total of 624 days of credit. However, under federal law, petitioner's three consecutive sentences are treated as one aggregate term of imprisonment. 18 U.S.C. § 3584(c). This

---

[1](b) CREDIT FOR PRIOR CUSTODY-- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
        (1) as a result of the offense for which the sentence was imposed; or
        (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
that has not been credited against another sentence.

aggregate sentence has been credited with the time spent in custody prior to the commencement of petitioner's sentences.

Furthermore, even if these sentences were not treated as a single, aggregate sentence, petitioner would not be entitled to have each separate sentence credited with the 208 days of pre-trial custody because § 3585(b) prohibits awarding credit for prior custody which has already been credited against another sentence.

Accordingly,

IT IS RECOMMENDED that this petition for writ of *habeas corpus* be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, October 26, 2007.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE